IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN VASHAUN MCKINLEY | : | CIVIL ACTION |
| v. | : | |
| ALAN BOOKARD | : | NO. 16-6544 |

M E M O R A N D U M

MCHUGH, J.                              FEBRUARY 9, 2017

    By order dated January 11, 2017, plaintiff's complaint was dismissed without prejudice for lack of subject matter jurisdiction because he was attempting to file a diversity case against the defendant. Plaintiff has submitted an amended complaint (Document No. 4) in which he is alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(1)(2) and (4).

    For the following reasons, plaintiff's amended complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

    Plaintiff alleges that the defendant agreed to pay him $1,000 to stage a burglary of his house. He states that he entered the defendant's home, staged the burglary and removed 9 pounds of marijuana from the defendant's house. He further alleges that the defendant filed criminal charges against him and had him arrested because he refused to return the defendant's marijuana.

    In order to bring suit under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. <u>West v. Atkins</u>, 487

U.S. 42 (1988). Plaintiff does not provide any information in his complaint that would support a finding that the defendant is a state actor.

Furthermore, there are no allegations in plaintiff's complaint that would allow this Court to find that any of the defendant's actions were motivated by racial or class-based animus or that there has been an interference with federal officials or federal court proceedings which is necessary to bring an action under 42 U.S.C. § 1985. See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263 (1993); Kush v. Rutledge, 460 U.S. 719, 724-725 (1983); Griffin v. Breckenridge, 403 U.S. 88, 102-103 (1971); Brawer v. Horowitz, 535 F.2d 830, 840 (3d Cir. 1976).

Plaintiff has advanced an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Accordingly, dismissal of this complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) is appropriate.

_____